UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00047-FDW

| | |
|---|---|
| JIMMY SEVILLA-BRIONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHRIS WOODS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Jimmy Sevilla-Briones's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on January 24, 2013, was convicted by a jury in Mecklenburg County Superior Court of two counts of trafficking methamphetamine and one count of conspiracy to traffic methamphetamine. Petitioner was sentenced to two consecutive terms of 90-120 months in prison. (§ 2254 Pet. 1-2, Doc. No. 1.)

After pursuing appellate and post-conviction relief in the state courts, Petitioner filed a § 2254 Petition in this Court on February 9, 2017, attacking his January 24, 2013 judgment. See § 2254 Pet., Sevilla-Briones v. Perry, No. 3:17-cv-00056-FDW (N.C.W.D.), Doc. No. 1. The Court dismissed the Petition as untimely. Order Dismiss. § 2254 Pet., id. at Doc. No. 8.

Petitioner filed the instant § 2254 Petition on January 29, 2019, in the United States District Court for the Eastern District of North Carolina, which transferred it to this Court, where venue is proper, see Doc. No. 3. He again challenges his January 2013 state judgment.

**II.  STANDARD OF REVIEW**

1

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court shall dismiss the instant Petition because it is Petitioner's second challenging his 2013 state judgment, and he has not demonstrated that the Fourth Circuit Court of Appeals has authorized him to file a successive application for habeas relief challenging that judgment. See 28 U.S.C. § 2244(b)(3)(A).

### III.  DISCUSSION

Section 2244(b)(3) of Title 28 of the United States Code expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may not file another application for habeas relief challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See § 2244(b)(3)(A). The district court does not have jurisdiction to consider the merits of a successive habeas application in the absence of authorization from the appropriate federal court of appeals. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Petitioner previously challenged his 2013 criminal judgment by way of a § 2254 petition, which this Court dismissed as untimely. Order Dismiss. § 2254 Pet., Sevilla-Briones, No. 3:17-

cv-00056-FDW, Doc. No. 8. Dismissal of a habeas petition as time-barred is a decision on the merits, and any subsequent habeas petition challenging the same conviction or sentence is second or successive for purposes of § 2244(b). See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). Consequently, the instant habeas Petition is successive under § 2244(b).

Petitioner has not demonstrated that he has received authorization from the Fourth Circuit Court of Appeals to file a second or successive application for habeas relief challenging his 2013 judgment. See § 2244(b)(3)(A). Accordingly, the Court does not have jurisdiction to consider the instant habeas Petition, and it must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as an unauthorized, successive habeas petition, see 28 U.S.C. § 2244(b)(3); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484

(2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 26,

Frank D. Whitney
Chief United States District Judge